IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| PATRICIA FRENCH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. |
| v. | § | |
| | § | _____ |
| THE APPLIED PSYCHOLOGY | § | |
| GROUP OF TEXOMA, PA, | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

### I.

### INTRODUCTION

Plaintiff Patricia French files this Original Complaint against Defendant The Applied Psychology Group of Texoma, PA, and respectfully shows as follows.

### II.

### PARTIES

1. Plaintiff Patricia French is an individual and a citizen of Grayson County, Texas.

2. Defendant The Applied Psychology Group of Texoma, PA is a professional association organized under the laws of the state of Texas with its principal place of business located at 600 East Taylor, Suite 4011, Sherman, Texas 75090. Defendant may be served with process, including citation and a copy of this lawsuit, by serving Defendant's registered agent for service of process, Purvi Patel, 600 East Taylor, Suite 4011, Sherman, Texas 75090.

## III.

## JURISDICTION

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff asserts a claim arising under federal law.

## IV.

## VENUE

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because Defendant resides in Grayson County, and pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in Grayson County.

5. Grayson County lies within the Sherman Division of the Eastern District of Texas, as set forth in 28 U.S.C. § 124(c)(3).

## V.

## BACKGROUND FACTS

6. Plaintiff started working as Defendant's receptionist on or about September 28, 2015.

7. Plaintiff was the oldest employee by nearly 20 years.

8. Plaintiff was given a $2.00 an hour raise because of her good work.

9. Thirty days after starting, Plaintiff was verbally abused and harassed almost daily by co-worker Dawn Blevins.

10. Plaintiff complained about Dawn's abuse and mistreatment on multiple occasions, and had multiple meetings with Defendant's management, but nothing was ever done.

11. Dawn did not treat any other employee the way she treated Plaintiff.

12. Dawn's almost daily verbal abuse and harassment affected the terms and conditions of Plaintiff's employment.

13. Plaintiff was constructively discharged because of the almost daily verbal abuse and harassment.

## VI.

## CONDITIONS PRECEDENT

14. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission, and this Charge was duel filed with the Texas Workforce Commission.

15. The Charge was filed within 180 days after Plaintiff was terminated.

16. The EEOC issued Plaintiff a right to sue on November 10, 2016.

17. More than 180 days have passed since Plaintiff filed the Charge.

18. Plaintiff has timely exhausted all administrative remedies.

## VII.

## CAUSES OF ACTION

**A.     First Cause of Action—Age Discrimination—ADEA**

19. Plaintiff incorporates each of the foregoing paragraphs.

20. Defendant discriminated against Plaintiff because of Plaintiff's age.

21. Defendant's actions violated 29 U.S.C. § 623(a).

**B.     Second Cause of Action—Unlawful Harassment—Age Discrimination—ADEA**

22. Plaintiff incorporates each of the foregoing paragraphs.

23. Defendant harassed Plaintiff because of Plaintiff's age.

24. Defendant's actions violated 29 U.S.C. § 623(a).

**C.     Third Cause of Action—Wrongful Termination—Age Discrimination—ADEA**

25. Plaintiff incorporates each of the foregoing paragraphs.

26. Plaintiff was harassed and abused on an almost nearly basis by Defendant.

27. The harassment affected the terms and conditions of Plaintiff's employment.

28. The harassment was so severe and pervasive that Defendant constructively terminated Plaintiff's employment because of Plaintiff's age.

29. Defendant's actions violated 29 U.S.C. § 623(a).

**D.     Fourth Cause of Action—Unlawful Retaliation—ADEA**

30. Plaintiff incorporates each of the foregoing paragraphs.

31. Plaintiff engaged in protected activity as set forth in 29 U.S.C. § 623(d).

32. In response, Defendant retaliated against Plaintiff and ultimately constructively terminated Plaintiff's employment.

33. Defendant's actions violated 29 U.S.C. § 623(d).

**E.     Fifth Cause of Action—Age Discrimination—TCHRA**

34. Plaintiff incorporates each of the foregoing paragraphs.

35. Defendant discriminated against Plaintiff because of Plaintiff's age.

36. Defendant's actions violated section 21.051 of the Texas Labor Code.

**F.     Sixth Cause of Action—Unlawful Harassment—Age Discrimination—TCHRA**

37. Plaintiff incorporates each of the foregoing paragraphs.

38. Defendant harassed Plaintiff because of Plaintiff's age.

39. Defendant's actions violated section 21.051 of the Texas Labor Code.

**G.     Seventh Cause of Action—Wrongful Termination—Age Discrimination—TCHRA**

40. Plaintiff incorporates each of the foregoing paragraphs.

41. Plaintiff was harassed and abused on an almost nearly basis by Defendant.

42. The harassment affected the terms and conditions of Plaintiff's employment.

43. The harassment was so severe and pervasive that Defendant constructively terminated Plaintiff's employment because of Plaintiff's age.

44. Defendant's actions violated section 21.051 of the Texas Labor Code.

**H. Eighth Cause of Action—Unlawful Retaliation—TCHRA**

45. Plaintiff incorporates each of the foregoing paragraphs.

46. Plaintiff engaged in protected activity as set forth in Texas Labor Code section 21.055.

47. In response, Defendant retaliated against Plaintiff and ultimately constructively terminated Plaintiff's employment.

48. Defendant's actions violated section 21.055 of the Texas Labor Code.

## VIII.

## DAMAGES

49. Plaintiff incorporates each of the foregoing paragraphs.

50. Defendant's actions violated 29 U.S.C. § 623(a) and 29 U.S.C. § 623(d), which entitles Plaintiff to recover from Defendant back pay, front pay, as well as pre-judgment and post-judgment interest.

51. Because Defendant's actions were willful, Plaintiff is entitled to recover liquidated damages from Defendant equal to the amount awarded to Plaintiff as back pay, front pay, and pre-judgment and post-judgment interest, pursuant to 29 U.S.C. § 626(b) and 29 U.S.C. § 216(b).

52. Plaintiff seeks all damages available under federal law.

53. Defendant's actions also violated the Texas Commission on Human Rights Act, which entitles Plaintiff to recover from Defendant back pay, front pay, compensatory damages, as well as pre-judgment and post-judgment interest.

54. Because Defendant's actions were done with malice and/or reckless indifference to Plaintiff's state-protected rights, Plaintiff is entitled to recover from Defendant punitive damages.

55. Plaintiff seeks all damages available under the TCHRA.

## IX.

## ATTORNEY'S FEES AND COSTS

56. Plaintiff incorporates each of the foregoing paragraphs.

57. Plaintiff retained the services of undersigned counsel to prosecute Plaintiff's claims.

58. Pursuant to 29 U.S.C. § 626(b) and 29 U.S.C. § 216(b), Plaintiff is entitled to recover a reasonable attorneys' fee from Defendant, including reasonable expert fees and costs.

59. Pursuant to Texas Labor Code section 21.259, Plaintiff is entitled to recover a reasonable attorneys' fee from Defendant, including reasonable expert fees.

## X.

## INJUNCTIVE AND DECLARATORY RELIEF

60. Plaintiff incorporates each of the foregoing paragraphs.

61. Plaintiff requests the Court enter an order providing injunctive and declaratory relief including, but not limited to:

    a. Prohibiting Defendant from engaging in unlawful discrimination;

    b. Reinstating Plaintiff's employment with Defendant with backpay;

    c. Reporting to the Court on the manner of compliance with the terms of a final order issued by this Court;

    d. Paying court costs;

    e. A declaration that Defendant violated Plaintiff's rights under state and federal law, engaged in unlawful employment discrimination, and considered an illegal factor in terminating Plaintiff's employment; and

    f. Any additional equitable relief as the Court deems proper.

## XI.

## JURY DEMAND

62. Plaintiff demands a trial by jury.

## XII.

## **CONCLUSION AND PRAYER**

63. Plaintiff respectfully requests that Defendant be cited to appear and answer, and that upon final trial of this matter, the Court enter judgment awarding Plaintiff:

- A. Back pay and front pay (including benefits);
- B. Liquidated damages equal to the amount in subsection (A) above;
- C. Compensatory damages;
- D. Punitive damages;
- E. Injunctive and declaratory relief, including but not limited to, an Order:
    - a. Prohibiting Defendant from engaging in unlawful discrimination;
    - b. Reinstating Plaintiff's employment with Defendant with backpay;
    - c. Reporting to the Court on the manner of compliance with the terms of a final order issued by this Court;
    - d. Paying court costs;
    - e. A declaration that Defendant violated Plaintiff's rights under state and federal law, engaged in unlawful employment discrimination, and considered an illegal factor in terminating Plaintiff's employment; and
    - f. Any additional equitable relief the Court deems proper;
- F. Courts costs;
- G. Pre-judgment and post-judgment interest at the rate set by law; and
- H. All legal or equitable relief this Court deems proper.

Respectfully submitted,

/s/ Matthew R. Scott
MATTHEW R. SCOTT
Texas Bar No. 00794613
matt.scott@scottperezlaw.com
JAVIER PEREZ
Texas Bar No. 24083650
javier.perez@scottperezlaw.com
**SCOTT | PEREZ LLP**
Founders Square
900 Jackson Street, Suite 550
Dallas, Texas  75202
214-965-9675 / 214-965-9680 (Facsimile)
**ATTORNEYS FOR PLAINTIFF**
